UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| YOLANDA VESSELL and<br>ROGERS VESSELL | CIVIL ACTION |
| VERSUS | |
| WAL-MART STORES, INC. | NO. 07-228-D-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, June 23, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **YOLANDA VESSELL and ROGERS VESSELL** | **CIVIL ACTION** |
| **VERSUS** | |
| **WAL-MART STORES, INC.** | **NO. 07-228-D-M2** |

### MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion for Leave to file a First Amending and Supplemental Complaint (R. Doc. 13) filed by plaintiffs, Yolanda Vessell and Rogers Vessell (collectively "plaintiffs"). Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), has filed an opposition (R. Doc. 21) to plaintiffs' motion.

### FACTS & PROCEDURAL BACKGROUND

Plaintiffs filed this suit on January 10, 2007, in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, naming as defendants Fallin Family Dentistry ("Fallin") and Wal-Mart. In the petition for damages, plaintiffs allege that, on or about November 14, 2005, a prescription for Clindamycin was called-in by Fallin to Wal-Mart Pharmacy #10-1102 in Baker for Mrs. Vessell. Plaintiffs further allege that Mr. Vessell went to Wal-Mart Pharmacy #10-1102 on November 17, 2005 and picked up the Clindamycin prescription for his wife. Plaintiffs contend that, after Mrs. Vessell began taking the Clindamycin, she became "extremely ill" as the Clindamycin "reacted with the other medications" that she was already being prescribed and caused the following injuries "including, but not limited to, diarrhea, nausea, vomiting, abdominal pain, drowsiness, etc." Plaintiffs aver that the defendants negligently prescribed and dispensed Clindamycin, causing Mrs. Vessell to suffer the following damages: (a) Medical expenses, past, present, and future; (b) Physical

pain and suffering, past, present, and future; (c) Mental anxiety and anguish, past, present, and future; (d) Loss of wages and earnings, past, present, and future; (e) Loss of consortium; and (f) Any and all other damages as will be more fully shown at the trial of this matter.  Plaintiffs also contend that Mr. Vessell suffered damages including, but not limited to, loss of consortium.

On February 12, 2007, Wal-Mart served an Answer in state court, denying the allegations of the plaintiffs' petition, and also served Interrogatories and Requests for Production upon the plaintiffs.  On March 12, 2007, Fallin was dismissed without prejudice from the state court suit, in favor of empaneling a medical review panel pursuant to Louisiana's Medical Malpractice Act.  Wal-Mart then removed the case to federal court, alleging that complete diversity existed as contemplated by 28 U.S.C. §1332.

On September 6, 2007, a scheduling conference was held, at which time the Court *sua sponte* raised the issue of whether the requisite jurisdictional amount is in controversy in this case for purposes of diversity jurisdiction.  Following the submission of briefs and evidence on that issue by the parties, the undersigned issued a report and recommendation on January 22, 2008, finding that the requisite amount is in controversy in this matter for purposes of diversity jurisdiction and recommending that the plaintiffs' claims against Wal-Mart continue to proceed in this Court.  On March 31, 2008, the district judge approved the undersigned's report and recommendation and adopted it as the Court's opinion herein.

On that same date, March 31, 2008, plaintiffs filed the present motion for leave to file a first amending and supplemental complaint.  In that motion, they seek to reassert their claims against Fallin (who is a non-diverse defendant) because the medical review panel proceeding against Fallin was closed on January 8, 2008, and their claims against him are

now ripe for judicial consideration.[1]  Wal-Mart filed an "objection" to plaintiffs' motion for leave, wherein it argued that Fallin, as a non-diverse, alleged joint tortfeasor, is not a necessary and indispensable party as contemplated by Fed. R. Civ. P. 19 and that the Court has discretion to deny plaintiffs' motion for leave pursuant to Fed. R. Civ. P. 20.  Wal-Mart requested an appropriate opportunity to present argument on the issue of Fallin's joinder.  On April 16, 2008, the undersigned ordered the parties to brief the issue of what impact the granting of plaintiffs' motion for leave would have on the jurisdiction of the Court and "whether it is necessary to add [Fallin] and remand, or allow the plaintiff[s] to file another suit [against Fallin] in state court."  *See*, R. Doc. 17.  The undersigned now considers the briefs filed by the parties in response to the April 16, 2008 Order (R. Docs. 20 and 21).[2]

## **LAW & ANALYSIS**

Both parties in this matter have conceded in their briefs that Fallin is not an indispensable party as contemplated by Fed. R. Civ. P. 19 and that, pursuant to U.S. Supreme Court precedent, as an alleged joint tortfeasor, his joinder in this matter is not

---

[1] Plaintiffs explain that, pursuant to La. R.S. 40:1299.47(A)(2)(c) of the Louisiana Medical Malpractice Act, the filing of a Petition for Medical Review Panel suspends the time within which suit must be filed until ninety (90) days after the panel proceeding has been closed.

[2] Because the decision relative to plaintiffs' present motion to amend will determine whether this Court continues to have diversity jurisdiction over this matter, and thus whether or not this matter should be remanded to state court, the motion is dispositive, and a report and recommendation, rather than a ruling, is therefore being issued relative to such motion.

required.³  Both parties also concede that this matter is governed by Fed. R. Civ. P. 20, concerning permissive joinder.  Fed. R. Civ. P. 20 provides that persons *may* be joined in one action as defendants if:

> (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)  any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).  Additionally, since the present motion involves a request to join a defendant whose presence in the suit will destroy diversity jurisdiction, it is governed by 28 U.S.C. §1447(e), which provides:

> If after the removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny the joinder or permit the joinder and remand the action to state court.

28 U.S.C. §1447(e).

In *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5ᵗʰ Cir. 1987), the Fifth Circuit Court of Appeals set forth the proper analysis for the district court to use "when faced with an amended pleading naming a new nondiverse defendant in a removed case." *Id.*  The Fifth Circuit stated:

> [T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if the amendment is not

---

³ *See, Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990)(It is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit, and a doctor who performed implant surgery and the hospital where that surgery was performed were therefore merely permissive parties in a patient's products liability action against the manufacturer of a "plate and screw device" implanted in the patient's lower spine.  It was error to require joinder of the doctor and hospital as indispensable parties and to dismiss the suit with prejudice for failure to join them).

4

>allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Id.*

In their briefs, the parties to this matter primarily discuss two cases out of this district, *Miller v. Dow Corning Corp.*, 771 F.Supp. 1171 (M.D. La. 1990) and *Denton v. Critikon, Inc.*, 137 F.R.D. 236 (M.D. La. 1991). In both of those cases, the plaintiffs moved to add nondiverse defendants, who were alleged to have committed medical malpractice, to products liability litigation pending in this Court.[4] In both cases, this Court determined that, although the plaintiffs' requests for joinder were not dilatory and there was no indication that joinder of the nondiverse defendants was intended to destroy diversity, the motions to amend should nevertheless be denied because of the "different nature of [the] proof with respect to [the] medical malpractice action and products liability action," with only the damage issue of the two claims being similar. This Court also determined, in *Miller*, that, because a "substantial amount" of discovery had been completed by the manufacturer defendant in the federal forum, including the propounding of interrogatories and requests for production of documents as well as the scheduling and taking of depositions, remand

---

[4] In *Miller*, a knee prosthesis patient filed a products liability action against the prosthesis manufacturer in state court. Following removal by the manufacturer, the plaintiff filed a motion to amend the complaint to add the nondiverse physician, who surgically implanted the prosthesis in the patient's knee, and to remand.

In *Denton*, the plaintiff filed a products liability suit in state court seeking damages for injuries allegedly caused by a defective intravenous catheter. The diverse manufacturer removed the action to this Court. The plaintiff then filed a motion for leave to amend his complaint to add a medical malpractice claim against the Medical Center of Baton Rouge, which, if granted, would destroy diversity and result in remand of the case back to state court.

5

of the action to state court would be "unduly prejudicial" to the manufacturer defendant. *Miller*, at 1172.

Wal-Mart argues that *Miller* and *Denton* are analogous to the situation in the present case, wherein plaintiffs' claims against Fallin, for dental malpractice, are "*wholly* different" from their claims against Wal-Mart, for breach of its duties as a pharmacy to fill and dispense medication in accordance with a physician's/dentist's prescription.  Wal-Mart asserts that, like in *Miller* and *Denton*, different evidence and legal analyses will be required relative to the claims of malpractice against Fallin and Wal-Mart.  Plaintiffs, on the other hand, distinguish *Miller* and *Denton* on the ground that those cases involved a negligence/malpractice claim versus a products liability claim, whereas the present matter involves two claims sounding in negligence.  Plaintiffs contend that the similarities in the negligence causes of action against Fallin and Wal-Mart are sufficient to outweigh any right Wal-Mart may have to have this case tried in a federal forum.

The Court agrees with plaintiffs.  While it is true that the legal standards applicable to dental and pharmacy malpractice claims differ in some ways (in that the duty imposed upon a physician/dentist is to prescribe appropriate medication for the correct patient, while the duty of a pharmacist is to properly fill and dispense medication in accordance with a physician's/dentist's prescription), other elements of those causes of action, such as the causation and damages aspects of those claims, certainly overlap. Furthermore, since the allegations against Fallin and Wal-Mart involve a single series of events (*i.e.*, the same series of transactions or occurrences), they arise out of the same set of operative facts, and common questions of fact relating to both claims will therefore exist.  Wal-Mart even concedes in its present opposition that the discovery and evidence relating to the two

claims will overlap and that, if the two actions were to proceed in different forums, the parties would have to stipulate that discovery would be taken for purposes of both cases.[5]

The distinction made by Judge Polozola in *Miller* and *Denton* regarding the evidence and legal standards to be applied in a products liability action versus a negligence action simply does not apply in this case where both claims asserted by the plaintiffs involve a form of negligence/malpractice.[6]  Furthermore, although Judge Polozola determined that there was not sufficient overlap between the products liability and the malpractice actions in *Miller* and *Denton* to allow them to proceed together, the Eastern District of Louisiana and numerous courts in other circuits have found sufficient overlap to exist between such claims to allow permissive joinder pursuant to Rule 20, even where the addition of a non-

---

[5] *See*, p. 8 of Wal-Mart's brief, R. Doc. 21 ("There is no doubt that discovery in both actions would involve taking the depositions of Yolanda Vessell, Rogers Vessell, certain Wal-Mart employees, and Dr. Fallin").

[6] In *Denton*, Judge Polozola explained that, in the medical malpractice action, the plaintiff had to prove the defendant was negligent and that its negligence caused the plaintiff's injuries.  By contrast, in the products liability claim, the plaintiff had to prove that the product was unreasonably dangerous for normal use at the time it left the factory and that such "defect" in the product caused the plaintiff's injuries.  The evidence and legal standards to be applied in those two proceedings was found to be too dissimilar for them to proceed together.  However, in the present case, plaintiffs are seeking to prove negligence/malpractice on the part of two providers, a dentist and a pharmacy.  With respect to both, the plaintiffs must prove the defendants were negligent and that such negligence caused Mrs. Vessell's alleged injuries.  There is sufficient overlap in the overall theory of recovery to allow the two claims to be tried together, even if there are certain differences in the legal duties owed by the respective providers.

diverse malpractice defendant destroys diversity and requires remand.[7] [8] Those courts

---

[7] *See, Turner v. Ethicon Endo-Surgery, Inc.*, 2003 WL 22872103 (E.D. La. 2003)(where the plaintiff brought a medical malpractice claim before a Louisiana medical review panel against a physician and hospital as well as a products liability claim in state court against the manufacturer of an automated suturing device related to an incident where a piece of that device was left in the plaintiff's abdomen during a "Nissen fundoplication" procedure. The manufacturer removed the products liability claim to the Eastern District of Louisiana based upon diversity jurisdiction. Plaintiffs then sought to amend their petition to add the non-diverse physician and hospital as co-defendants. The Eastern District found that joinder of the physician and hospital was permitted under Rule 20(a) because the plaintiffs' malpractice claims and products liability claims arose out of the same series of transactions or occurrences since they involved a single procedure involving the manufacturer's suturing device. The court also found that there were questions of law and fact common to both claims as well as "overlapping issues with regard to the cause and extent of the [p]laintiffs' injuries." The court further noted that common issues would arise regarding the relative liability of the three parties under different legal theories, and the fact that different legal theories were asserted against them did not preclude joinder under Rule 20(a). In considering the "fairness factors" set forth in *Hensgens*, the court noted that, had the malpractice claims against the physician and hospital not been required to be "presented" to a medical review panel, they would have been originally named as defendants in the plaintiffs' state court petition; thus, the court did not view the plaintiffs' attempt to add those defendants to the federal action as an attempt to forum shop but, instead, as an attempt to promote judicial economy and prevent duplicative litigation. The court also found no significant delay in the filing of the amended petition).

[8] *See also, Jamison v. Purdue Pharma Co.,* 251 F.Supp.2d 1315, 1322 (S.D. Miss. 2003)(Negligence claim against physician who prescribed a drug and negligence claims against the manufacturers of the drug arose out of the same transaction or occurrence because all claims were based on the same injuries, allegedly caused by the same medication, and the resolution of the claim against the drug companies could affect the liability of the physician); *Rice v. Pfizer, Inc.*, 2006 WL 1932565 (N.D. Tex. 2006)(Medical malpractice claim against a physician was properly joined with claims of negligence, strict liability, and misrepresentation against pharmaceutical defendants under Rule 20 because the claims against all defendants arose out of the same transaction, occurrence, or series of transactions or occurrences)*; Donaldson v. Spinal Concepts, Inc.*, 2003 WI 22175986 (E.D. La. 2003)(allowing joinder of products liability claim against spinal device manufacturer and medical malpractice claim against doctor); *Dieng v. Smith & nephew Dyonics, Inc.*, 2003 WL 22240748 (S.D.N.Y. 2003)(Joinder of surgeon who performed arthroscopic knee surgery during which surgical device broke off and became lodged in patient's knee, and hospital in which surgery took place, in patient's products liability action against manufacturer of surgical device, which had been removed to federal court, was found fundamentally fair under a four-part test similar to the *Hensgens* test, since the patient's delay in moving to join the surgeon and hospital was not severe; permitting joinder would not prejudice the defendants; and there was no evidence that the patient sought joinder merely to destroy diversity of citizenship. The court also found that any prejudice to the defendant manufacturer that might result was outweighed by the danger of multiple litigation and the concomitant waste of judicial resources since denying joinder would force the plaintiff to litigate the same issues simultaneously in federal and state courts); *Rodriguez by Rodriguez v. Abbott Labs*, 151 F.R.D. 529, 533 (S.D.N.Y. 1993)(holding that medical malpractice and products liability claims arising out of the same medical procedure raise common issues of law); *Massaro v. Bard Access Systems, Inc.*, 209 F.R.D. 363 (E.D. Pa. 2002)(Joinder of nondiverse medical practitioners and medical malpractice claims to a products liability action against the manufacturer of a peripherally inserted central catheter, and remand to state court, was held to promote equity and judicial economy under the *Hensgens* "fairness factors". The court found that joinder was sought to avoid the burden of prosecuting two claims arising from the same facts in separate forums and that the patient had not delayed in seeking to join the medical practitioners to the action against the manufacturer, but rather had filed suit in state court against the manufacturer and sought to consolidate it with an earlier filed state court action against the practitioners, as required by local state court practice. The court specifically rejected the defendant's argument that joinder and remand was not warranted because the malpractice claims against the medical practitioners differed from the products liability claim against the manufacturer, noting that joinder under Rule 20 is authorized when there exists "any right to relief . . . in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences

8

have specifically found the fact that different legal theories are asserted against a physician defendant and a defendant pharmaceutical company/manufacturer does not preclude their joinder under Rule 20(a).  *In re Diet Drugs*, 1999 WI 240330, *2 (E.D. Pa. 1999), citing *Rodriguez by Rodriguez v. Abbott Laboratories*, 151 F.R.D. 529, 533 ("It is well established that the presence of two different legal claims does not prevent joinder where the claims arise from a single source"); *Turner*, at *2 ("The theories of fault in the amended petition pertain directly to the overlapping issues in the claims with respect to the relative liabilities of each defendant").

Additionally, when the various "fundamental fairness" concerns set forth in *Hensgens* are taken into consideration, the Court finds that joinder of Fallin and remand of this matter to state court is appropriate.  First, there is no indication that plaintiffs' request to add Fallin as a defendant is merely an effort to destroy diversity and forum shop, as Fallin was originally named as a defendant in plaintiffs' state court suit and was only

---

and if any question of law or fact common to all defendants will arise in the action."  The court explained that the causes of action against each defendant need not be identical); *Lombardi v. Hall*, 2004 WL 1236985 (E.D.N.Y. 2004)(same); *Clancy v. Zimmer, Inc.*, 2007 WL 969237 (W.D.N.Y. 2007)(same); *Hunt v. Stryker Corp.*, 2004 WL 502186 (S.D.N.Y. 2004)(same); *In re Diet Drugs*, 1999 WL 240330 (E.D. Pa. 1999)(same); *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmachinen*, 726 F.Supp. 950, 951-52 (S.D.N.Y. 1989)(same); *Hunt v. Stryker Corp.*, 2004 WL 502186, at *2 (S.D.N.Y. 2004)(same); *Jedraszak v. Intromedix, Inc.*, 2004 WL 1497559 (S.D.N.Y. 2004)(same).

*Contrast, Ashworth v. Albers Medical, Inc.* 395 F.Supp.2d 395 (S.D.W.Va. 2005)(where the court held that, even if a consumer had a claim against a non-diverse pharmacy based upon its alleged inadequate compliance with her request for production of medical records, she was not entitled to joinder of such claim with her claim against other diverse defendants, which were predicated upon her alleged consumption of counterfeit tablets and the roles those diverse defendants played in allowing counterfeits to reach the market, so as to defeat removal jurisdiction.  Unlike negligence and products liability claims, the claims against the pharmacy and the other diverse defendants in *Ashworth* did not share any common questions of material fact or law).

dismissed without prejudice because of the requirement that plaintiffs' claim against him first be "presented" to a medical review panel under La. R.S. 40:1299.47(B)(1)(a)(i).[9]

Secondly, the undersigned does not find that plaintiffs were "dilatory" in filing their motion for leave to amend their complaint and add Fallin as a defendant. As explained in the plaintiffs' brief, the medical review panel proceedings involving Fallin did not conclude until January 8, 2008. At that time, the issue of whether this Court had diversity jurisdiction over this case remained pending. On the same date that the district judge issued a ruling adopting the undersigned's recommendation that diversity jurisdiction exists herein, plaintiffs filed their present motion seeking to join Fallin as a defendant.[10] Although Wal-Mart contends in its brief that plaintiffs have acted in a "dilatory" fashion relative to their claim against Fallin because they did not take any action in the medical review panel proceeding for over a year, resulting in that proceeding being dismissed as a matter of course, the Court finds such argument unpersuasive. Plaintiffs likely wished that they did

---

[9] Furthermore, based upon the allegations in their original petition, plaintiffs have stated a valid malpractice claim against Fallin for purposes of Fed. R. Civ. P. 12(b)(6), and it has been recognized that where a valid claim is asserted against the nondiverse defendant, the principal purpose of joinder is not to destroy diversity jurisdiction. *See, Jackson v. Wal-Mart Stores, Inc.*, 2003 WL 22533610, at *2 (E.D. La. 2003)(citing various prior Eastern District of Louisiana cases for that proposition); *Turner*, at *3.

[10] The plaintiffs were justified in waiting to see how this Court would rule on the amount in controversy issue prior to requesting the joinder of Fallin since, if this Court had determined that the requisite amount was not in controversy for purposes of diversity jurisdiction, the Court would have lacked jurisdiction to even rule on plaintiff's motion to amend, and it therefore would have been a futile motion. Moreover, as the plaintiffs explained in their "Response to the Objection to Plaintiffs' Motion for Leave to File a Supplemental and Amending Complaint" (R. Doc. 15), the filing of their motion for leave to amend on March 31, 2008 was more closely associated with the fact that the panel proceedings against Fallin were dismissed on January 8, 2008, than to the district judge's ruling on the amount in controversy issue, as plaintiffs had a deadline of April 7, 2008 (*i.e.*, ninety (90) days after the dismissal of the panel proceeding) within which to timely reassert their malpractice claim against Fallin in court pursuant to La. R.S. 40:1299.47(A)(2)(c). In other words, the undersigned agrees with plaintiffs that their request to join Fallin as a defendant herein was only timely and appropriate after the conclusion of the medical review panel proceedings against him and after this Court's formal assertion of subject matter jurisdiction. Finally, even this Court recognized in *Miller* that a delay of two months in seeking joinder of a physician after that physician's right to a medical review panel is waived is "not necessarily 'dilatory'." Similarly, the delay of two and a half to three months between the close of the panel proceedings involving Fallin and the plaintiffs' request to join him in this litigation, particularly considering the lack of a decision as to whether this Court had jurisdiction during that time period, is not "necessarily 'dilatory'."

not have to proceed through the medical review panel process at all prior to filing suit against Fallin; they did so because it was legally required based upon Fallin's status as a "qualified" healthcare provider under the Louisiana Medical Malpractice Act. When no action was taken by plaintiffs or Fallin to appoint an attorney chairman for the medical review panel within one year, the action was dismissed as required by the Act. The failure to diligently pursue the panel proceedings was likely to Fallin's detriment, not to the plaintiffs. The plaintiffs merely did what they were procedurally required to do, *i.e.*, to "present" their claim to a medical review panel by filing it; they were not required to diligently pursue those proceedings and could essentially allow them to be abandoned by the failure to timely appoint an attorney chairman.

Considering that plaintiffs brought suit against Fallin in state court after the panel proceedings were closed[11] and also sought to add him as a defendant herein as soon as the Court made a determination regarding subject matter jurisdiction, the undersigned finds no significant delay in seeking the amendment and instead views plaintiffs' request to join Fallin as a defendant herein as an attempt to promote judicial economy and prevent duplicative litigation of two related negligence claims that will involve much of the same discovery, exhibits, witnesses, and testimony. *See, Turner*, at *2; *Dieng*, at *3 ("[T]here is no evidence that the [p]laintiff seeks to join [d]efendant merely to destroy diversity. Instead, it is likely that [p]laintiff wishes to join all defendants who may have contributed to the injuries he claims to have suffered in order to increase his chances of recovery and to

---

[11] According to evidence submitted with Wal-Mart's opposition, following the panel proceedings, plaintiffs reasserted their malpractice claim against Fallin in state court on or about April 14, 2008, but asked that service be withheld.

11

expedite litigation. Bald assertions or implications that a plaintiff is motivated only to destroy diversity are insufficient proof of such motivation"); *Lombardi*, at *2.[12]

Furthermore, considering that Wal-Mart alleged the fault of "others" as an affirmative defense in its responsive pleadings filed in state court, it is possible that it could attribute fault for plaintiffs' damages to Fallin, and the claims against Fallin and Wal-Mart should therefore certainly be tried in the same forum, or else risk the possibility of inconsistent verdicts.[13] *Turner*, at *2 (where joinder of a non-diverse malpractice defendant was permitted in a products liability case pending in federal court because common issues would arise with regard to the "relative liability of the parties under different legal theories." The Eastern District of Louisiana found "most telling" the fact that the manufacturer defendant pointed to the fault of the physician and hospital in its answer).[14] Considering

---

[12] *See also, Soto v. Barnitt*, 2000 WL 1206603, at *3 (S.D.N.Y. 2000).

[13] It is also conceivable, depending upon what discovery reveals about the underlying facts of this case, that Fallin could argue that Wal-Mart is at fault for plaintiffs' injuries – for example, Fallin could argue that he prescribed Clindamycin for a patient other than Mrs. Vessell, yet Wal-Mart improperly filled and dispensed the prescription to Mrs. Vessell, and/or that Wal-Mart improperly dispensed the Clindamycin with knowledge that such medication could cause a reaction considering the other medications Mrs. Vessell was taking that Wal-Mart had dispensed to her. *See*, p. 3 of plaintiffs' brief in support of present motion, R. Doc. 20 (wherein plaintiffs indicate that Vessell had all of her prescriptions filled at Wal-Mart #10-1102 during the time period in question).

[14] *See also, Massaro*, at 369 ("[P]laintiff['s] motivation [in seeking joinder and remand] is to avoid the burden of prosecuting two claims arising from the same set of facts in two separate forums, particularly in light of the fact that each defendant, in separate forums, will likely point to the proverbial empty chair of the other defendant as the more culpable party. By contrast, the defendant does not point to any concrete interest which will be adversely affected by the remand. Thus, it would not be unfair to defendant to remand to state court." Remand would avoid the burden of parallel litigation in the state and federal court and would guard against inconsistent results); *Rice*, at *3 (Claims of negligence and medical malpractice against pharmaceutical companies and the physician who prescribed the companies' medication were properly joined since resolution of the negligence claim against the pharmaceutical defendants could affect the liability of the physician); *Clancy*, at *6 (In concluding that joinder and remand were appropriate, the court quoted the plaintiffs brief: "It is conceivable that the State Court Defendants will successfully place blame and liability on the Federal Court Defendants for the Plaintiff's [sic] serious injuries and damages while at the same time the Federal Court Defendants could successfully place the liability and blame on the State Court Defendants for the Plaintiff's [sic] injuries and damages which could severely effect the Plaintiff's [sic] ability to recover for her personal injuries and damages. Conversely, it is feasible that the Plaintiff [sic] could receive multiple verdicts and judgments from two different jury panels which could eventually lead to a double recovery for the Plaintiffs if they are successful in placing blame in Federal Court on the current Federal Court Defendants and in State

the risks associated with multiple litigation and the concomitant waste of judicial resources in litigating the same/similar issues simultaneously in state and federal court, the Court finds that plaintiffs would be "significantly injured" if joinder and remand of this matter are not permitted.[15]

Finally, although Wal-Mart contends that it has a "substantial interest" in continuing to proceed with this action in federal court, the undersigned finds that a diverse defendant's interest in maintaining a case in federal court *alone* is insufficient to outweigh the various equities weighing in favor of the plaintiffs, as discussed above. *See,* Footnote 17, *infra.* Furthermore, unlike the scenario in *Miller*, where the defendant had completed a "substantial amount of discovery" in the federal forum, such is not the case in the present matter. The only discovery that has been conducted in this case is written interrogatories and requests for production, which were propounded by Wal-Mart while this matter was pending in state court prior to removal. Based upon the information provided to the Court, no depositions have been conducted in this matter.[16][17] In fact, the only significant activity

---

Court on the current State Court Defendants").

[15] Thus, contrary to Wal-Mart's contention in its brief, plaintiffs' interest in joinder and remand of this matter concern more than "what essentially amounts to 'convenience'." *See*, R. Doc. 21, p. 9.

[16] *See, Lombardi*, at *2 (the fact that the defendants had already taken the depositions of the plaintiffs in the context of the federal litigation was insufficient to find that the defendants were "substantially prejudiced." The court noted that the depositions could be reproduced and/or the plaintiffs produced for further deposition in the state court litigation after remand. The court found no reason that the manufacturer defendants would not have adequate time to prepare during the state court litigation); *Jedraszak*, at *2 (The court found that the fact that "substantial discovery" had already been conducted in the state medical malpractice action did not sufficiently prejudice the manufacturer defendant so as to justify preclusion of joinder and remand, considering that denial of joinder and remand would result in related issues being litigated in two separate forums); *Rodriguez*, at 533 (The fact that "substantial discovery" had already been completed in the state court action against a hospital was not a compelling reason to deny joinder of the hospital in the products liability action against a drug manufacturer).

[17] Although Wal-Mart contends that plaintiffs have refused to cooperate in the scheduling of depositions, it appears that plaintiffs' basis in not scheduling depositions herein (and in filing a motion for protective order relative to Wal-Mart's unilateral scheduling of certain depositions for February 12, 2008) was

that has occurred in this Court has related to the issue of whether this Court even has jurisdiction to retain the case. No scheduling order setting discovery and expert deadlines has been issued. The matter has not been set for trial, and deadlines for amending the complaint have not even been set so the request to amend the complaint to add Fallin as a defendant does not violate any such deadlines. Moreover, since Fallin was originally named as a defendant in the state court petition, Wal-Mart has been well aware of the existence of plaintiffs' malpractice claim against him since this litigation was commenced and therefore should have included in their state court discovery requests any inquiries relative to Fallin's involvement in the incident in question. Under the circumstances, the Court does not find that any "substantial interest" of Wal-Mart will be unduly prejudiced by the addition of Fallin as a defendant and the remand of this matter to state court.[18]

---

because the jurisdictional amount issue had not yet been resolved by the Court and because the Court had, in fact, denied Wal-Mart the opportunity to conduct jurisdictional discovery depositions in a Ruling & Order (R. Doc. 9) dated November 1, 2007. In their motion for protective order relative to the depositions noticed for February 12, 2008, plaintiffs explain that Wal-Mart's request for depositions would only be appropriate after the Court issued a final ruling on the jurisdictional amount issue, and at that point, plaintiffs would be "more than willing to provide dates for depositions."

[18] Even in cases outside the malpractice/products liability context, courts have found that joinder of nondiverse defendants and remand pursuant to 28 U.S.C. §1447 is appropriate where claims against the diverse and nondiverse defendants involve the same subject matter, even if the diverse defendants have an interest in having the claims against them tried in a federal forum. *See, Brown v. Alter Barge Line, Inc.*, 461 F.Supp.2d 781 (S.D.Ill. 2006)(Joinder of plaintiff deckhand's alleged employer, as diversity-destroying defendant after defendant barge owner had removed to federal court based upon diversity jurisdiction, was permitted. The court found that the alleged employer was not joined solely for the purpose of defeating diversity jurisdiction, and the barge owner's interest in a federal forum did not warrant requiring the deckhand to maintain separate suits in federal court against the barge owner and in state court against the alleged employer, relating to the same subject matter); *Perez v. Arcobaleno Pasta Machs., Inc.*, 261 F.Supp.2d 997, 1001-02 (N.D. Ill. 2003)(In a personal injury action against the manufacturer of a pasta dough sheeter, the court allowed joinder of the plaintiff's non-diverse employer as a defendant, explaining that: "[T]he Plaintiff may not obtain full relief if the amendment is not granted . . . Although Defendant does have an interest in the federal forum, it does not outweigh Plaintiff's interest in full recovery"); *Kortum v. Raffles Holdings, Ltd.*, 2002 WL 31455994, at *5 (N.D. Ill. 2002)(granting leave to join non-diverse parties pursuant to 28 U.S.C. § 1447(e): "If the Court does not grant Plaintiff's Motion, Plaintiff would likely have to bring simultaneous lawsuits in state and federal court, actions that would be litigating identical issues. Such duplicate litigation serves neither the parties nor the court system well"); *Dobbs v. JBC of Norfolk, VA Inc.*, 2008 WL 942552 (E.D.Va. 2008)(Nightclub patron injured in a brawl was permitted to join nondiverse defendants allegedly involved in brawl in a personal injury suit removed from state court; it was reasonable that he was unaware of the identities of those defendants and to assume that the only way he could learn their identities would be through

Accordingly, plaintiffs' motion for leave to amend their complaint should be granted, adding Fallin as a defendant herein, and this matter should be remanded to state court for further proceedings because the presence of Fallin as a defendant has destroyed complete diversity.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion for Leave to File a First Amending and Supplemental Complaint (R. Doc. 13) filed by plaintiffs, Yolanda Vessell and Rogers Vessell, should be **GRANTED**, and this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, June 23, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

discovery. His apparent untimeliness in seeking to join those defendants, while weighing against him, was not "so egregious" as to preclude amendment, and he was entitled to seek redress from those defendants if they in fact contributed to his injuries); *County of Cook v. Philip Morris, Inc.*, 1997 WL 667777, at *4 (N.D. Ill. 1997)("Plaintiff assures the court that it will proceed with a separate action in state court against the non-diverse [defendants sought to be joined pursuant to section 1447(e)] in the event the court denies its motion for leave to amend complaint . . . Plaintiff contends that a single trial on the merits of this action will accommodate equity, economy, and efficiency. The court agrees"); *Goutanis v. Mutual Group (US)*, 1995 WL 86588, at *7 (N.D. Ill. 1995)(holding that joinder of nondiverse parties was "necessary to a full determination" of the case and that "[t]he rights of all parties should be determined in one trial"); *Vasilakos v. Corometrics Med. Sys., Inc.*, 1993 WL 390283 (N.D.Ill. 1993)(allowing joinder of non-diverse parties: "The plaintiffs are more likely to be prejudiced if forced to pursue multiple litigation in federal and state court than [the defendant] would be by defending the suit in state court. In fact, federal civil practice encourages the joinder of claims and parties in order to better accommodate judicial efficiency and to avoid wasteful duplication"); *Todd v. Societe Bic*, 1990 WL 208906, at *1-2 (N.D. Ill. 1990)(citing *Hensgens*, at 1182)("[B]y allowing the motion to amend and remand, the court will preclude the possibility of having inconsistent verdicts between . . . state and federal cases. In sum, 'the balance of the equities' weighs in favor of granting plaintiff's motion to amend the complaint and to remand the case to [state court]").